—————o—————

5176.

(Court of Appeal, Parish of Orleans.)

MRS. VINCENZA, ALIS, WIDOW OF GEORGE PRE-DECALZI vs. HIDDLESTON KENNER.

Questions of fact only are involved.

Appeal from the Civil District Court, Division "E."

P. J. Patòrno & G. B. Smart for plaintiff and appellee.

A. A. Calongne and J. H. Ferguson for defendant and appellant.

GODCHAUX, J.—Plaintiff seeks to be declared owner of a piece of real estate which she claims defendant, her attorney, acquired in his own name at a judicial sale in her husband's succession, 'in direct violation of an alleged agreement whereby he was to bid in and take title to the property for her account and in her name.

The fact is that plaintiff, being without funds, at the instance of her regular attorney who could not be present at the sale which took place in St. James Parish, arranged with the defendant, who is also an attorney at law, that he should bid in the property and that the price of adjudication would later be supplied through her regular attorney on her return to New Orleans. Defendant bid in the property accordingly, and immediately wrote to the regular attorney informing him of this and stating that, upon the price of adjudication being paid, the sheriff would make a deed to plaintiff, though the adjudication itself was in the name of defendant. All this occurred in the latter part of December, 1906. The plaintiff made no effort to provide the price of adjudication, and in April, 1907, defendant paid his bid to the sheriff, who accordingly made formal title to him of the property. There was no attempt at concealment on defendant's part and the court is satisfied that plaintiff and her regular attorney were aware of everything that transpired in this transaction. Notwithstanding that defendant, from the time he acquired the deed from the sheriff, repeatedly informed plaintiff and her regular attorney of the real facts and expressed a

readiness to transfer title to plaintiff, in accord with the original agreement, upon being re-imbursed the price of adjudication and his necessary expenditures, still plaintiff made no effort to comply for a period of nearly two years thereafter. Then she and her attorney conceived the idea that she was entitled to a deed to the property without reimbursing defendant even the price of adjudication and in the present suit that idea is sought to be judicially enforced, for she not only makes no offer to re-imburse him but demands that he be condemned for all the rents and revenues of the property since its adjudication to him.

Defendant was not bound under the agreement nor in law to await indefinitely upon plaintiff's convenience or caprice as to deeding the property over to her, particularly when the agreement contemplated the granting to her of simply a reasonable time within which to secure funds sufficient to meet the price of adjudication which he had paid; and in no event does her demand appeal to the equitable consideration of the court, since it evidences an effort on her part to secure the property without costs to herself and at the expense of one who appears to have advanced the price primarily for her convenience.

However, as the whole transaction evidences a series of unnecessary wrangles and disputes between opposing counsel rather than any serious differences between the real parties in interest as to their respective rights; and as defendant, notwithstanding the long delay, still expresses a readiness to transfer title to plaintiff upon reimbursement being made him of the amount of his bid together with his expenditures for travel, recording and notarial fees in connection with his purchase and a reasonable compensation as attorney in this matter, the interest of justice requires the remand of the

case, though technically a dismissal might be proper.

On the remand the amount of these items should be fixed, plaintiff to be given credit thereon for the sum paid for taxes for one year, and a transfer of the property to plaintiff should be ordered upon payment to defendant within a reasonable time to be fixed by the court of the net amount thus found to be justly due him. The defendant is entitled to retain the fruits and revenues of the property and he properly makes no demand for the recovery of the charges for taxes, repairs, etc., which he may have disbursed.

It is, therefore, ordered and decreed that the cause be remanded to the lower court for further proceedings in accordance with the views herein expressed and that plaintiff pay all costs of the lower court to date as well as the costs of this appeal.

Remanded.

February 20, 1911.

————————o————————

### 5206.

(Court of Appeal, Parish of Orleans.)